E-FILED
Tuesday, 24 September, 2019 09:33:36 AM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JOE CLARK, | ) |
|       Plaintiff, | ) |
| v. | ) No.: 18-cv-4221-MMM |
| PAULA LODGE and JOSEPH HANKINS, | ) |
|       Defendants. | ) |

### MERIT REVIEW- AMENDED COMPLAINT

Plaintiff, proceeding *pro se* and detained at the Rushville Treatment and Detention Center ("Rushville"), files an amended complaint and seeks leave to proceed *in forma pauperis*. The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). A court must dismiss cases proceeding *in forma pauperis* "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid. 28 U.S.C. § 1915(d)(2). Accordingly, this Court grants leave to proceed *in forma pauperis* only if the complaint states a federal claim.

In reviewing the amended complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

1

# ANALYSIS

Plaintiff is civilly detained in the Rushville Treatment and Detention Center pursuant to the Illinois Sexually Violent Persons Commitment Act, 725 ILCS 207/1, *et seq*. On November 17, 2016, Plaintiff was assigned to housing unit E-2-15 and was the sole occupant in a two-person room. Plaintiff claims that Dawn Meyers, a Rushville Security Therapy Aid ("STA"), not a party, harassed him, prompting him to send a Resident Room Change Request to Defendant Paula Lodge, a member of the Rooming Committee. In the request, Plaintiff complained about Ms. Meyers, asking Defendant Lodge to move him to a different unit.

On November 28, 2016, Defendant Lodge and Defendant Hankins approved the room change but assigned Plaintiff to a room with another resident, Michael Boaz. Plaintiff claims that this was unusual as he has never had a roommate during his time at Rushville. Plaintiff refused to accept Mr. Boaz as a roommate on that date and, when asked again on December 6, 2016. On April 25, 2017, Defendants Lodge and Hankins allegedly tried to "force" him to room with still another resident. It appears that Plaintiff refused this room assignment as well.

On an unidentified date, Plaintiff was issued incident reports for refusing housing. Plaintiff asked Defendant Lodge why the Rooming Committee members were being "spiteful, vindictive" and "playing games." Defendant Lodge allegedly responded that that they were doing so in response to his complaints about Ms. Meyers.

On December 12, 2016, Plaintiff appeared before the Disciplinary Committee of which Defendant Hankins was a member. Plaintiff objected to Defendant Hankins' participation as he had been involved in the housing assignments which led to the disciplinary charges. Defendant Hankins allegedly told Plaintiff that since he complained about Ms. Meyers, he had to be willing to deal with the consequences. It is unclear whether Defendants' statements were evidence of

retaliation or whether they were merely advising Plaintiff that there were no single rooms available on a different unit. It is also unclear whether Plaintiff was, in fact, roomed with another. His complaint appears to indicate that he refused all such room changes and it might well be that he continued to reside on the original unit.

To plead retaliation, Plaintiff must allege that he was retaliated against for exercising a constitutionally protected right and that he suffered a deprivation likely to deter future First Amendment activity. *Massey v. Johnson*, 457 F.3d 711, 716 (7th Cir. 2006). Here, Plaintiff alleges that he was retaliated against for complaining about a staff member, a protected First Amendment activity. *Dobbey v. IDOC,* 574 F.3d 443, 446 (7th Cir. 2009). The next issue is whether Plaintiff "suffered a deprivation that was so substantial it would deter a reasonable person from exercising his rights in the future." *Wilson v. Rensing*, No.15- 249, 2018 WL 784053, at *3 (S.D. Ill. Feb. 8, 2018) (one month in segregation and demotion to C class would not deter a reasonable person); *see also*, *Harper v. Davis*, No. 09-0878, 2011 WL 3841703, at *7 (N.D. Ill. Aug. 23, 2011). Here it is not clear that Plaintiff suffered a deprivation at all, as he does not indicate that he was housed with another resident. Plaintiff fails to allege a necessary element of a retaliation claim but will be given an opportunity to replead in the event that the Court misunderstood his pleading.

There is another potential issue with the statute of limitations as Plaintiff filed his complaint on December 3, 2018, alleging conduct which occurred November 28, 2016, December 6, 2016, and April 25, 2017. Claims brought under § 1983 are generally governed by a two-year statute of limitations. *Draper v. Martin,* 664 F.3d 1110, 1113 (7th Cir. 2011) ("[i]n Illinois, the statute of limitations period for § 1983 claims is two years, 735 ILCS 5/13-201"). *See also*, *Bray v. Gary Police Dept. Chief*, No. 10-229, 2010 WL 2674531 (N.D. Ind. June 28,

2010) ("[t]he statute of limitations is an affirmative defense, but if a plaintiff "pleads facts that show his suit is time-barred or otherwise without merit, he has pleaded himself out of court.")

While the retaliation alleged on November 28, 2016 appears timely filed, the status of the December 6, 2016, and April 25, 2017 complaints is not as clear. "The first issue when a statute of limitations is in issue is accrual, for that is when the statute of limitations begins to run. Federal law determines when the cause of action accrues, and under federal law, a cause of action accrues "when the plaintiff knew or should have known that [he] had sustained an injury." *Key v. Illinois Dept. of State Police*, 06-CV-4068-JPG, 2006 WL 3229999, at *4 (S.D. Ill. Nov. 7, 2006) (internal citations omitted). *See Huber v. Anderson*, 909 F.3d 201, 207 (7th Cir. 2018) ("accrual occurs when 'the plaintiff has 'a complete and present cause of action,' ... that is, when 'the plaintiff can file suit and obtain relief.'") (internal citations omitted).

A retaliation claim accrues "when the plaintiff knows or should know that his or her constitutional rights have been violated." *Booker v. City of Chicago*, No. 11-732, 2011 WL 6152290, at *5 (N.D. Ill. Dec. 6, 2011) citing *Kelly v. City of Chicago,* 4 F.3d 509, 511 (7th Cir.1993). *See also*, *Williams v. Linguard*, No. 02-0472-C, 2003 WL 23269344, at *3 (W.D. Wis. May 14, 2003) (a retaliation claim accrues when plaintiff first learns of the retaliatory motive.)

Here, it appears that Plaintiff learned of the allegedly retaliatory motive on November 28, 2016, when he was assigned to share a room with resident Boaz. If these claims represent a continuing violation, they have likely been timely filed. If, however, they were separate, discrete acts, the two later claims might have been filed too late. It is clear, however, that "[a] district court should not raise and resolve affirmative defenses at screening unless the outcome is obvious and would render the suit frivolous...." *Jervis v. Mitcheff,* 2007 WL 435543, *2 (7th Cir.

Dec. 13, 2007). Here, the outcome is not obvious and the Court declines to determine the statute of limitations issue at screening.

**IT IS THEREFORE ORDERED:**

1. Plaintiff's amended complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff shall have 30 days from the entry of this order in which to file a second amended complaint addressing any detriment he suffered due to the alleged retaliation. The pleading is to be titled "second amended complaint" and is to stand complete, on its own without reference to a prior pleading. Failure to file a second amended complaint will result in the dismissal of this case, without prejudice, for failure to state a claim.

2. Plaintiff's motion for leave to proceed in forma pauperis [14] is DENIED with leave to reassert if he files a second amended complaint.

9/24/2019           s/Michael M. Mihm
ENTERED           MICHAEL M. MIHM
         UNITED STATES DISTRICT JUDGE