UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JOE CLARK, | ) |
| Plaintiff, | ) ) |
| v. | ) No.: 18-cv-4221-MMM |
| PAULA LODGE and JOSEPH HANKINS, | ) ) ) |
| Defendants. | ) |

## MERIT REVIEW- SECOND AMENDED COMPLAINT

Plaintiff, proceeding *pro se* and civilly detained at the Rushville Treatment and Detention Center ("Rushville"), files a second amended complaint after having been granted leave to proceed *in forma pauperis*. The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). A court must dismiss cases proceeding *in forma pauperis* "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid. 28 U.S.C. § 1915(d)(2).

In reviewing the second amended complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

## ANALYSIS

Plaintiff is civilly detained in the Rushville Treatment and Detention Center pursuant to the Illinois Sexually Violent Persons Commitment Act, 725 ILCS 207/1, *et seq*. On November

17, 2016, Plaintiff was assigned to housing unit E-2-15 and was the sole occupant in a two-person room. Plaintiff claims that Dawn Meyers, a Rushville Security Therapy Aid ("STA"), not a party, asked Plaintiff to beat another resident and he refused. Plaintiff claimed that Ms. Meyers "targeted" and "harassed" him, without providing any detail. Plaintiff thereafter sent a Resident Room Change Request to Defendant Paula Lodge, a member of the Rooming Committee, complaining about Ms. Meyers and asking to be moved to a different unit. Plaintiff alleges that Defendant Lodge and Hankins, another Rooming Committee member, retaliated for his complaints by placing him in a different unit where he had to share a cell with another.

Plaintiff alleges that Defendants were "keenly aware of my strong aversion to having a cell mate and living in close quarters with another resident." When he asked. Defendant Lodge why she was being "spiteful, vindictive" and "playing games." She allegedly responded that her actions were taken in response to Plaintiff's complaints about Ms. Meyers.

Plaintiff was cited for refusing housing and on December 12, 2016, appeared before the Disciplinary Committee. Plaintiff objected to Defendant Hankins being present as Hankins had been involved in the housing assignments which led to the disciplinary charges. Defendant Hankins allegedly responded, "[i]f you want to complain about staff's conduct, then you need to be willing to accept the consequences; you're the one who chose to complain about Mrs. Myers, so now you're gonna deal with having to have a roommate. You don't like it, so what!"

Plaintiff does not have a protected constitutional interest in being single-celled. *See Sousa v. Anglin,* 481 Fed.Appx. 265 (7th Cir. 2012) (no protected liberty interest in cell assignments). However, a prisoner may not be disciplined for filing a grievance as "[a]n act taken in retaliation for the exercise of a constitutionally protected right violates the Constitution." *DeWalt v. Carter*, 224 F.3d 607, 618 (7th Cir. 2000). "Otherwise permissible actions by prison

officials can become impermissible if done for retaliatory reasons." *Zimmerman v. Tribble*, 226 F.3d 568, 573 (7th Cir. 2000).

Here, Plaintiff alleges that he was retaliated against for engaging in a protected First Amendment activity. *Dobbey v. IDOC,* 574 F.3d 443, 446 (7th Cir. 2009). The next issue is whether Plaintiff "suffered a deprivation that was so substantial it would deter a reasonable person from exercising his rights in the future." *Wilson v. Rensing*, No.15- 249, 2018 WL 784053, at *3 (S.D. Ill. Feb. 8, 2018) (one month in segregation and demotion to C class would not deter a reasonable person); *see also*, *Harper v. Davis*, No. 09-0878, 2011 WL 3841703, at *7 (N.D. Ill. Aug. 23, 2011). Plaintiff pleads a long litany of harm which he allegedly experienced due to the retaliation. This includes having a curfew, not being allowed to receive holiday packages, not being allowed to work, not being allowed to possess personal electronics, and having to wear black box restraints when taken from the housing unit. This is sufficient, at this juncture, to state a claim for retaliation.

**IT IS THEREFORE ORDERED:**

1. This case shall proceed solely on the retaliation claims against Defendants Lodge and Hankins identified herein.

2. Plaintiff's motion for leave to proceed in forma pauperis [20], is MOOT as he has already been granted this relief. Plaintiff's motions for status [21] and [22] are also rendered MOOT.

3. The Clerk is directed to send to each Defendant pursuant to this District's internal procedures: 1) a Notice of Lawsuit and Request for Waiver of Service; 2) a Waiver of Service; 3) a copy of the Complaint; and 4) a copy of this Order.

4. If a Defendant fails to sign and return a Waiver of Service to the Clerk within 30 days after the Waiver is sent, the Court will take appropriate steps to effect formal service on that Defendant and will require that Defendant pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2). If a Defendant no longer works at the address provided by Plaintiff, the entity for which Defendant worked at the time identified in the Complaint shall provide to the Clerk Defendant's current work address, or, if not known, Defendant's forwarding address. This information will be used only for purposes of effecting service. Documentation of forwarding addresses will be maintained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5. Defendants shall file an answer within the prescribed by Local Rule. A Motion to Dismiss is not an answer. The answer it to include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings are to address the issues and claims identified in this Order.

6. Plaintiff shall serve upon any Defendant who has been served, but who is not represented by counsel, a copy of every filing submitted by Plaintiff for consideration by the Court and shall also file a certificate of service stating the date on which the copy was mailed. Any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk or that fails to include a required certificate of service will be stricken by the Court.

7. Once counsel has appeared for a Defendant, Plaintiff need not send copies of filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send notice of electronic filing to defense counsel. The notice of electronic filing shall constitute notice to Defendant pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

8. Counsel for Defendants is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendants shall arrange the time for the depositions.

9. Plaintiff shall immediately notice the Court of any change in mailing address or phone number. The Clerk is directed to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO**:

1) ATTEMPT SERVICE ON DEFENDANTS PURSUANT TO THE STANDARD PROCEDURES; AND,

2) SET AN INTERNAL COURT DEADLINE 60 DAYS FROM THE ENTRY OF THIS ORDER FOR THE COURT TO CHECK ON THE STATUS OF SERVICE AND ENTER SCHEDULING DEADLINES.

LASTLY, IT IS ORDERED THAT IF A DEFENDANT FAILS TO SIGN AND RETURN A WAIVER OF SERVICE TO THE CLERK WITHIN 30 DAYS AFTER THE WAIVER IS SENT, THE COURT WILL TAKE APPROPRIATE STEPS TO EFFECT FORMAL SERVICE THROUGH THE U.S. MARSHAL'S SERVICE ON THAT DEFENDANT AND WILL REQUIRE THAT DEFENDANT TO PAY THE FULL COSTS OF FORMAL SERVICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(d)(2).

ENTERED: 4/13/2020

_____s/Michael M. Mihm_____
MICHAEL M. MIHM
UNITED STATES DISTRICT JUDGE